IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MICHAEL WESLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 117-035 |
| | ) | |
| DEPARTMENT OF VETERANS AFFAIRS, | ) | |
| and "CLINIC A," Charlie Norwood, | ) | |
| | ) | |
| Defendants. | ) | |

_____

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Plaintiff commenced the above-captioned case *pro se* and requested permission to proceed *in forma pauperis* ("IFP"). (Doc. no. 2.) By Order dated March 29, 2017, the Court denied the request to proceed IFP and directed Plaintiff to submit the full $400.00 filing fee within twenty-one days. (Doc. no. 8.) Specifically, the Court found that Plaintiff receives $4,084.00 per month from VA Compensation and Social Security disability and is therefore capable of paying the full fee. (See id.) The deadline to pay the fee has passed, and Plaintiff has not paid the $400.00 or further communicated with the Court in any way to explain why he has not paid the fee.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v.

Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

Local Rule 4.2(2) also provides that if the filing fee is not paid within twenty-one days of the denial of an IFP petition, the civil action will be dismissed. Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

Here, Plaintiff's failure to pay the filing fee after an order from the Court directing him to do so, or to communicate with the Court about missing the April 19th deadline amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. The Court also finds the imposition of monetary sanctions is not a feasible sanction because Plaintiff has already chosen not to pay the filing fee necessary to commence a case in District Court.

Accordingly, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice.

SO REPORTED and RECOMMENDED this 20th day of April, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA